# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LASHAWN R. PETTUS-BROWN,  
     Plaintiff,

vs.

ETHNA M. COOPER,  
et al.,  
     Defendants.

Case No. 1:15-cv-539

Black, J.  
Bowman, M.J.

**REPORT AND**  
**RECOMMENDATION**

Plaintiff, an inmate in state custody at the Pickaway Correctional Institution (PCI) in Orient, Ohio, brings this civil action against eleven state and federal officials and entities. (*See* Doc. 1). The complaint was filed with this Court on August 18, 2015 upon plaintiff's payment of the filing fee.[1] It appears from the record that summons has been issued by the Clerk of Court to the defendants by way of certified mail. (*See* Doc. 3-6).[2]

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case,

---

[1] It is noted that the plaintiff previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court, which is currently pending before the District Court on the Magistrate Judge's Report and Recommendation issued June 12, 2015 to dismiss the petition with prejudice. *See Pettus-Brown v. Warden, Corr. Reception Ctr.*, No. 1:14-cv-292 (Barrett, J.; Merz, M.J.) (Doc. 53). Because the instant complaint contains allegations pertaining to the federal habeas proceeding, a "Related Case Memorandum" was filed in this action, wherein the District Judges assigned to the two cases agreed that "although the cases **may be** related, the subject case nevertheless should remain with the Judge to whom it was assigned." (Doc. 4) (emphasis in original).

[2] Defendants served with the complaint have been granted an extension of time, with a deadline date of October 20, 2015, in which to file a responsive pleading. (*See* Doc. 7).

or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit cases).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the following defendants: Hamilton County, Ohio, Court of Common Pleas Judge Ethna M. Cooper; Hamilton County Prosecutor Joseph T. Deters; Hamilton County Sheriff Jim Neil; Hamilton County; the Hamilton County Justice Center (HCJC); the State of Ohio; Ohio Attorney General Mike DeWine; the Warden of PCI; United States Magistrate Judge Michael R. Merz; United States District Judge

Michael R. Barrett; and the President of the United States, Barak Obama. (Doc. 1, at PAGEID#: 2-4).

In the complaint, plaintiff alleges in the "Statement of Facts" that he was "unlawfully placed at HCJC" after he was arrested in Los Angeles and extradited to Cincinnati on December 20, 2013 "for an alleged violation from Hamilton County Case# B0500613." (*Id.*, at PAGEID#: 4). Plaintiff lodges the following complaints about his confinement at HCJC: (1) although he filed numerous grievances between December 28, 2013 and January 31, 2014 complaining that he had not been allowed access to the jail's law library, he was not granted access to the library until February 13, 2014, for only a 45-minute period; (2) the jail law library lacked adequate "resources to properly defend himself before the court as there were *no* current law books, *no* adequate digital legal resources (i.e. Westlaw, LexisNexis, etc.), and *no* means of preparing and printing a legal document for presentation to the court"; and (3) the jail was "grossly overcrowded," failed to "provide adequate medical care for detainees," and "was illegally taking money from the accounts of detainees, a violation which the HCJC was previously exposed of committing and reprimanded for said violations." (*Id.*, at PAGEID#: 4-5) (emphasis in original). Plaintiff states that with the help of his executive assistant he filed a motion, "supported with verifiable evidence," challenging the Hamilton County court's jurisdiction and requesting the dismissal of the action against him based on his "multiple immunities" and "the commercial discharge of the case by the State of Ohio." (*Id.*, at PAGEID#: 5). However, defendant Cooper "deliberately ignored" the law by sentencing plaintiff to a three-year term of imprisonment on March 5, 2014. (*Id.*, at PAGEID#: 6). Plaintiff was then transferred from HCJC to PCI. (*Id.*).

Thereafter, on April 8, 2014, plaintiff filed a petition for a writ of habeas corpus with the

United States District Court for the Southern District of Ohio in a case docketed as Case No. 1:14-cv-292.  (*Id.*).  The case was brought against PCI's Warden, with defendant DeWine representing the warden on behalf of the State of Ohio.  The case was assigned to defendants Barrett and Merz.  In his habeas petition, which is still pending before the Court for final disposition, plaintiff has presented four grounds for relief based on his "sovereign immunity, jurisdictional immunity, corporate (personal) immunity, and the commercial discharge of Case# B0500613 by the State of Ohio."  (*Id.*).

Plaintiff claims that "[o]n or about May 25, 2014, through the discovery process in the federal habeas action, a contractual agreement was reached between the State of Ohio and himself "in which the State of Ohio acknowledged and agreed that [he] is *in fact* sovereign and has sovereign immunity; that [he] held corporate (personal) immunity; that the Hamilton County court lacked subject-matter jurisdiction over the alleged offenses in suit in Case# B0500613; and that the alleged charges in Case# B0500613 were in fact discharged in full" in accordance with Ohio law and the Uniform Commercial Code.  (*Id.*) (emphasis in original). Plaintiff states that defendant DeWine bound the State of Ohio to that agreement and that DeWine has "acknowledged and agreed" that plaintiff "is *in fact* sovereign" and "is not, nor could be, a resident of a corporate fiction such as the State of Ohio."  (*Id.*, at PAGEID#:  6-7) (emphasis in original).

Plaintiff further asserts that defendants Cooper and Deters "fraudulently created securities to bond Case# B0500613," and that the "bonds are in fact the equitable property of Mr. Pettus-Brown" held in "constructive trust" by defendant Cooper as the "trustee" for plaintiff as "the beneficiary."  (*Id.*, at PAGEID#: 8-9).  Plaintiff claims that the bonds were improperly used "to

generate revenue for Hamilton County and the State of Ohio without [his] knowledge." (*Id.*, at PAGEID#: 9). He also alleges that defendant Cooper has "acknowledged, admitted, and contractually agreed that the bonds do in fact exist and that they are in fact the property of Mr. Pettus-Brown." (*Id.*). Plaintiff states that Cooper entered a contractual agreement with him "[o]n or about September 5, 2014" in which she waived "any and all defenses pertaining to [plaintiff's] claims" and agreed "to be held liable for returning the bonds to Mr. Pettus-Brown and/or providing the location and party in possession of the bonds," as well to plaintiff's "placing a lien in the sum certain of ten million dollars ($10,000,000USD) on her property (assets) until ... her default is cured and the default penalty is paid." (*Id.*, at PAGEID#: 9-10).

In addition, plaintiff alleges that although he was selected for early release from prison by the Ohio Department of Rehabilitation and Correction (ODRC), defendant Cooper "committed an egregiously libelous act" on April 7, 2014 by writing a "false statement" on an ODRC document "declaring that Mr. Pettus-Brown illegally obtained a U.S. Passport" and stating that "she would not approve early-release unless Mr. Pettus-Brown paid over $160,000." (*Id.*, at PAGEID#: 10).

Finally, plaintiff makes various allegations pertaining to his federal habeas petition. Plaintiff claims that neither PCI's Warden nor defendant DeWine "attempt[ed] to file an answer to the petition"; that defendants Merz and Barrett "ignored" plaintiff's arguments regarding the respondent's waiver of defenses; that defendant Merz attempted "to cover up [the respondent's] procedural default" by ordering the respondent to file a return of writ by June 1, 2015, 330 days after the June 9, 2014 deadline date; that the return of writ was filed on May 22, 2015, 347 days past the June 9, 2014 deadline; that PCI's Warden, DeWine, Merz and Barrett conspired to

violate his constitutional rights through the "improper curing of [the respondent's] waiver of procedural defenses"; and that defendant Obama, who was notified "[o]n or about January 8, 2015" of the "conspiracy about to be committed by Warden, DeWine, Merz, and Barrett[,] . . . inadvertently or willfully neglected or refused to act in the matter." (*Id.*, PAGEID#: 10-12).

The complaint contains fourteen "Claims and Requests for Relief" based on the allegations set forth in plaintiff's "Statement of Facts." (*See id.*, at PAGEID#: 12-22). The claims can be categorized as arising in the following three contexts: (1) the proceedings in the Hamilton County Court of Common Pleas following plaintiff's arrest and extradition to Cincinnati on December 20, 2013 on a violation charge in Case No. B0500613; (2) plaintiff's incarceration at HCJC during the pendency of the violation charge in Case No. B0500613; and (3) the pending federal habeas proceeding docketed as Case No. 1:14-cv-292 (Barrett, J.; Merz, M.J.).

Claims I, II, IV, V, VI, VII, VIII, IX, XI and XIV pertain to the Hamilton County Common Pleas Court case that resulted in plaintiff's present confinement at PCI. Specifically, in Claim I, plaintiff brings a tort claim for damages against defendants Cooper, Deters and Neil for their alleged breach of fiduciary duty "in regards to the constructive trust." (*Id.*, at PAGEID#: 12-13). In Claim II, he asserts another tort claim for damages against defendants Cooper and Deters for their alleged "commercial fraud by utilizing Mr. Pettus-Brown's property to create and s[ell] securities in an effort to generate revenue for Hamilton County and State of Ohio." (*Id.*, at PAGEID#: 13). In Claim IV, he asserts a tort claim for damages against defendants Cooper, Deters, Neil and DeWine for their alleged "negligence" in "neglect[ing] their duties to uphold and follow the Rule of Law." (*Id.*, at PAGEID#: 14-15). In Claims V, VII and VIII,

plaintiff brings tort claims for damages against defendant Cooper for (1) "gross negligence"; (2) "libel" based on her statements to the ODRC regarding plaintiff's eligibility for early release; and (3) "abuse of process" based on her abuse of "a legal process . . . to extract money from Mr. Pettus-Brown." (*Id.*, at PAGEID#: 15-17). In Claim VI, plaintiff brings a breach of contract claim for damages against defendant Cooper based on Cooper's alleged failure "to provide Mr. Pettus-Brown with his equitable property" and breach of a contractual agreement with plaintiff pertaining to "the constructive trust." (*Id.*, at PAGEID#: 16). In Claim IX, plaintiff alleges that defendants Cooper, Deters and Neil are liable for damages because they engaged in a "civil conspiracy" to "unlawfully detain [him] in order to profit and generate revenue for Hamilton County and State of Ohio." (*Id.*, at PAGEID#: 18). In Claim XI, plaintiff asserts a claim of "unjust enrichment" against the State of Ohio and Hamilton County for "generat[ing] revenue from Mr. Pettus-Brown's equitable property, specifically the bonds of constructive trust (Case# B0500613)." (*Id.*, at PAGEID#: 19-20). In Claim XIV, plaintiff alleges that defendants Cooper, the State of Ohio, Hamilton County, DeWine and Deters are liable for damages under 42 U.S.C. § 1983 for his unconstitutional detention and "false imprisonment." (*Id.*, at PAGEID#: 21-22).

Claim III stems from plaintiff's confinement at HCJC. Specifically, plaintiff asserts a claim for damages under 42 U.S.C. § 1983 against defendants Neil, Hamilton County and the HCJC for "denying him access to a law library and providing inadequate legal resources." (*Id.*, at PAGEID#: 14).

Claims X, XII and XIII pertain to the pending federal habeas proceeding. In Claim X, plaintiff alleges defendants DeWine, the State of Ohio, PCI's Warden, Merz and Barrett are liable for damages under 42 U.S.C. § 1983 for "intentionally ignoring the federal rules and

8

procedures of the federal habeas corpus process" by disregarding the deadline date for filing a return of writ and allowing respondent to file the pleading 347 days past the deadline.  (*Id.*, at PAGEID#: 18-19).  In Claim XII, plaintiff contends that defendants DeWine, PCI's Warden, Merz and Barrett are liable for damages under 42 U.S.C. § 1985 for "conspiracy" to deprive plaintiff of his "constitutional protections."  (*Id.*, at PAGEID#: 20).  In Claim XIII, plaintiff claims that President Obama is liable for damages under 42 U.S.C. § 1986 for "negligence" in failing or refusing to act after notification on January 8, 2015 of the "conspiracy to violate [plaintiff's] civil rights."  (*Id.*, at PAGEID#: 21).

As relief, plaintiff requests in addition to damages that equitable relief be granted in the form of a "lien . . . on all of Cooper's property (assets), and interest in property (assets), in the sum certain of ten million dollars ($10,000,000USD), which was contractually agreed upon by Cooper."  (*Id.*, at PAGEID#: 22).  Plaintiff also requests that "HCJC be immediately placed under federal supervision until all operations are up to federal standards."  (*Id.*).

Plaintiff's complaint is subject to dismissal at the screening stage.  Plaintiff contends that this Court has both "federal question" jurisdiction under 42 U.S.C.  §§ 1983, 1985 and 1986 and "diversity" jurisdiction under 28 U.S.C. § 1332 to hear his claims against the defendants.  (*See id.*, at PAGEID#: 2).  However, neither the claims brought pursuant this Court's federal question jurisdiction nor the claims brought pursuant to this Court's diversity jurisdiction give rise to cognizable grounds for relief against any of the named defendants.

### A.  Federal Question Jurisdiction Claims:  Claims III, X, XII, XIII and XIV

In Claims III, X, XII, XIII, and XIV, plaintiff presents claims that are arguably federal in nature.  As discussed below, however, plaintiff's allegations fail to state a claim of federal

dimension against the named defendants.

### 1. Claim III

In Claim III, plaintiff alleges that Hamilton County Sheriff Jim Neil, Hamilton County and HCJC are liable for damages under 42 U.S.C. § 1983 for denying him access to HCJC's law library and failing to provide adequate legal resources at HCJC. (*See* Doc. 1, at PAGEID#: 4-5).

As a threshold matter, plaintiff has not stated a viable claim against the HCJC, Hamilton County or the Hamilton County Sheriff in his supervisory capacity. Plaintiff's complaint against the HCJC is subject to dismissal because the jail is not a "person" or legal entity that can be sued under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)); *see also Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation) (holding that the plaintiff had failed to state a claim against the HCJC because "[a] county jail or workhouse is not a 'person' that can be sued under 42 U.S.C. § 1983"), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.). In addition, plaintiff has failed to state an actionable claim against Hamilton County in the absence of any allegation that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. *See Aladimi, supra*, 2012 WL 292587, at *7 (quoting *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and citing *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007)).

With respect to defendant Neil, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing

*Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)).  Prison officials or other state supervisory officials, whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior,'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Wingo,* 499 F. App'x at 455 (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").  Here, plaintiff has alleged no facts to suggest that Sheriff Neil was even aware that plaintiff had been denied access to HCJC's law library or that the legal resources in the library were inadequate.  In the absence of any allegations that Neil authorized or acquiesced in that matter, plaintiff has not stated a plausible claim under § 1983 against the supervisory defendant.  *Cf. Wingo,* 499 F. App'x at 455 (claim against supervisory state officials for failure to enforce prison policies and failure to investigate the unprofessional conduct of correctional officers does not state a plausible claim under § 1983 absent allegations that those officials actively participated in the alleged misconduct); *see also Shehee*, 199 F.3d at 300.

Finally, even assuming Hamilton County or Sheriff Neil could be held liable under § 1983 for unconstitutional conditions of confinement at HCJC, plaintiff's allegations are

11

insufficient to give rise to a cognizable § 1983 claim.  In order to state a § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law."  *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized that the "constitutional right of access to the courts requires prison authorities to assist prisoners in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law."  *Hadix v. Johnson*, 182 F.3d 400, 404 (6th Cir. 1999).  However, as the Supreme Court explained in *Lewis v. Casey*, 518 U.S. 343, 351 (1996), "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance."  Instead, "'meaningful access to the courts is the touchstone,' . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  *Id.* (quoting *Bounds*, 430 U.S. at 823).  In *Lewis*, the Supreme Court held that an inmate alleging that he has been denied access to legal resources or otherwise impeded by prison officials from exercising his First Amendment right of access to the courts "must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants."  *Thomas v. Rochell*, 47 F. App'x 315, 317 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349-51; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

"[N]ot every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns."  *Id.*  The First Amendment "only protects a prisoner's access to the courts as it relates to cases which attack his convictions and sentences and to cases which challenge the conditions of his confinement."  *Id.* (citing *Lewis*, 518 U.S. at 355); *see also Thaddeus-X v. Blatter*, 175

12

F.3d 378, 391 (6th Cir. 1999) ("a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only").  Furthermore, a showing of "actual prejudice to non-frivolous claims" must be made in order to satisfy the "actual injury" requirement of *Lewis*.  *Hadix*, 182 F.3d at 405-06 (citing *Lewis*, 518 U.S. at 353 & n.3); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Chapman v. Mohr*, No. 1:13cv331, 2013 WL 3900395, at *1, *3 (S.D. Ohio July 29, 2013) (Dlott, J.; Bowman, M.J.), *appeal dismissed*, No. 13-3989 (6th Cir. July 2, 2014).  When bringing a First Amendment claim of denial of access to the courts, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."  *Christopher*, 536 U.S. at 415.  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In this case, plaintiff has not alleged any facts showing that he suffered an actual injury in a non-frivolous legal proceeding while he was incarcerated at HCJC during the pendency of the violation charge in Hamilton County Common Pleas Court Case No. B0500613.  Indeed, it appears clear from the face of the complaint that no such injury occurred because plaintiff has averred that he was able, with the assistance of his executive assistant, to prepare and file a motion "supported with verifiable evidence" raising all his arguments and defenses to the violation charge in Case No. B0500613.  (*See* Doc. 1, at PAGEID#: 5).  Although plaintiff's arguments were ultimately rejected by the court, plaintiff has not suggested that the ruling against him was based on the lack of adequate legal resources at HCJC, but rather that the court erred by "deliberately ignor[ing]" the law.  (*See id.*, at PAGEID#: 6).  Therefore, in the absence of any factual allegations to establish the "actual injury" element of the cause of action as

13

required by *Lewis*, plaintiff's complaint fails to state a claim for relief under § 1983 for a denial of access to the courts under the First Amendment. *Cf. Chapman, supra*, 2013 WL 3900395, at *1, *3 (involving dismissal of complaint at screening stage).[3]

## 2. Claims X, XII and XIII

In Claims X, XII and XIII, plaintiff brings claims against the State of Ohio, Ohio Attorney General Mike DeWine, PCI's Warden, United States Magistrate Judge Michael Merz, United States District Judge Michael Barrett, and President Barak Obama based on improprieties that allegedly occurred in the pending federal habeas action (Case No. 1:14-cv-292). (*See* Doc. 1, at PAGEID#: 18-21). Specifically, in Claim X, plaintiff alleges the State of Ohio, DeWine, PCI's Warden, Magistrate Judge Merz and District Judge Barrett are liable for damages under 42 U.S.C. § 1983. (*Id.*, at PAGEID#: 18-19).[4] In Claim XII, he claims DeWine, PCI's Warden, Merz and Barrett are liable for damages under 42 U.S.C. § 1985 based on a conspiracy theory. (*Id.*, at PAGEID#: 20). In Claim XIII, plaintiff avers that President Obama is liable for damages under 42 U.S.C. § 1986 for failing to act to prevent the conspiracy alleged in Count XII. (*Id.*, at PAGEID: 21).

As a threshold matter, the Eleventh Amendment bars the § 1983 damages claim asserted in Claim X against the State of Ohio, as well as Ohio's Attorney General and PCI's Warden in their official capacities. *See, e.g., Smith-El v. Steward,* 33 F. App'x 714, 716 (6th Cir. 2002)

---

3 It is noted that in the "Statement of Facts" portion of the complaint, plaintiff also conclusorily states that HCJC was "grossly overcrowded," failed to "provide adequate medical care for detainees," and "was illegally taking money from the accounts of detainees, a violation which the HCJC was previously exposed of committing and reprimanded for said violations." (Doc. 1, at PAGEID#: 5). Plaintiff has not presented any "Claim and Request for Relief" based on those allegations, nor has he alleged any facts to suggest that he himself suffered an actual injury as a result of those conditions of confinement.

4 Because the federal judicial defendants, Magistrate Judge Merz and District Judge Barrett, are not "state actors" within the meaning of § 1983, the claims asserted in Claim X against those individuals are construed as being brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)) (holding that a prisoner's § 1983 complaint for damages against a prison official in his official capacity was barred by the Eleventh Amendment); *Bennington v. DeWine*, No. 1:14cv688, 2015 WL 1914318, at *3 (S.D. Ohio Apr. 27, 2015) (Litkovitz, M.J.) (Report & Recommendation) (and cases cited therein) (granting the defendants' motion to dismiss a § 1983 "official capacity" complaint against Ohio Attorney General DeWine), *adopted*, 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J.); *Henry v. Allen*, No. 1:13cv701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Bowman, M.J.) (Report & Recommendation) (citing *Will*, 491 U.S. at 70-71; *Looker v. Ohio*, No. 97-3490, 1998 WL 808369, at *1 (6th Cir. Nov. 9, 1998); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003)) (dismissing a § 1983 complaint for damages against the State of Ohio at the screening stage because the State "is not a 'person' within the meaning of § 1983 and, in any event, the Eleventh Amendment precludes plaintiff from recovering damages from the State in a § 1983 action"), *adopted*, 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.). *Cf. Hurst v. Ohio Gen. Assembly*, No. 2:14cv2594, 2015 WL 401250, at *3 (S.D. Ohio Jan. 28, 2015) (Kemp, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2015 WL 1291152 (S.D. Ohio Mar. 20, 2015) (Sargus, J.).

To the extent that plaintiff alleges in Claim X that DeWine and PCI's Warden are liable in their individual capacities, he has not alleged any facts to suggest that either person has been directly involved in defending the State in the federal habeas action. As discussed above, the state defendants cannot be held liable under § 1983 in their supervisory capacity. *Cf. Wingo,* 499 F. App'x at 455. In any event, upon review of the docket in the pending habeas action, the undersigned can discern no factual or legal basis for plaintiff's claim against the state

15

defendants.[5]  Contrary to plaintiff's allegation, respondent's counsel did submit a responsive

pleading in the form of a motion to dismiss on exhaustion grounds on June 2, 2014, within the

requisite 60-day time frame set forth in the Court's initial order issued April 11, 2014 opening

the habeas case.  *See Pettus-Brown v. Warden, Corr. Reception Ctr.*, No. 1:14-cv-292 (Docs. 2,

8).  Because valid exhaustion concerns were presented, the case was stayed, rather than

dismissed, pending plaintiff's exhaustion of the following available state court remedies:  (1) a

delayed direct appeal to the Ohio Supreme Court to be filed by April 19, 2015; and (2) an appeal

to the Ohio Supreme Court from the Ohio Court of Appeals' February 27, 2015 denial of

plaintiff's application for reopening of the appeal to be filed by April 13, 2015.  *See id.* (Docs.

29, 30).  Plaintiff apparently did not pursue the available state court remedies by the April 2015

deadline dates.  Therefore, the stay was dissolved on May 5, 2015, and respondent was ordered

to file a return of writ no later than June 1, 2015.  *See id.* (Doc. 38).  The return of writ and

accompanying state court record were filed, respectively, on May 22 and May 27, 2015, well

within the prescribed time period.  *See id.* (Docs. 44, 45).  Therefore, plaintiff has no plausible

claim of federal constitutional dimension in challenging the state defendants' conduct in the

pending federal habeas action.

In addition, to the extent that plaintiff brings *Bivens* claims against Magistrate Judge

Merz and District Judge Barrett in Claim X, the claims are subject to dismissal because the

federal judicial officers are entitled to absolute immunity.  The Supreme Court has made it clear

that the immunity offered judicial officers in the performance of judicial duties is not overcome

---

5 Although the docket record in the federal habeas case is not part of plaintiff's complaint, this Court "may take judicial notice of proceedings in other courts of record."  *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority."  *See Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991) (per curiam) (and Supreme Court cases cited therein).  Judicial immunity "extends to requests for injunctive or other forms of equitable relief as well as to claims for damages."  *Ward v. United States Dist. Court for the Western Dist. of Tenn.*, No. 14-2707-T-DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (citing *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001)) (involving the screening dismissal of a prisoner complaint against a federal district court for the alleged violation of the plaintiff's civil rights during a suppression hearing).  *Cf. Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (in affirming screening dismissal of complaint against federal district court judges for delays pertaining to the plaintiff's habeas petition, the Sixth Circuit noted that the "district court properly held that the judicial defendants were immune from suit"); *Kipen v. Lawson*, Civ. Act. No. 02-71626-DT, 2002 WL 1480802 (E.D. Mich. June 12, 2002) (dismissing *Bivens* complaint against a federal district court judge at the screening stage on the ground that the judge was "absolutely immune from monetary damages and declaratory or injunctive relief for any actions taken with respect to Plaintiff's habeas petition"),  *aff'd*, 57 F. App'x 691 (6th Cir. 2003).

Finally, in the absence of specific factual allegations to support plaintiff's conclusory allegation in Claim XII that DeWine, PCI's Warden, Magistrate Judge Merz and District Judge Barrett were involved in a conspiracy against him, plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1985.  *See Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) ("It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'"); *see also Anderson v.*

17

*Cnty. of Hamilton*, 780 F. Supp.2d 635, 643-44, 652 (S.D. Ohio 2011) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy). Indeed, upon review of the docket in the challenged federal habeas proceeding, the undersigned could discern no arguable basis for a conspiracy claim against the named defendants. For the same reason, Claim XIII against President Obama for not acting to prevent the conspiracy alleged in Count XII does not pass scrutiny at the screening stage.

### 3.  Claim XIV

In Claim XIV, plaintiff alleges that defendants Cooper, the State of Ohio, Hamilton County, DeWine and Deters are liable for damages under 42 U.S.C. § 1983 for his " illegal detention" and "false imprisonment." (Doc. 1, at PAGEID#: 21-22).

As discussed above in addressing Claim X, the Eleventh Amendment bars plaintiff's damages claim against the State of Ohio, as well as Ohio Attorney General DeWine and Hamilton County Prosecutor Deters in their official capacities. *See, e.g., Bennington v. DeWine*, No. 1:14cv688, 2015 WL 1914318, at *3 (S.D. Ohio Apr. 27, 2015) (Litkovitz, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J.); *Henry v. Allen*, No. 1:13cv701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.). Moreover, as discussed above in addressing Claim III, plaintiff has not stated a viable claim for damages under § 1983 against Hamilton County in the absence of any allegation that his constitutional rights were violated

18

pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. *See Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation) (quoting *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and citing *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007)), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.).

Plaintiff also has not stated a viable claim under § 1983 against defendant Cooper, who like Magistrate Judge Merz and District Judge Barrett, is entitled to absolute immunity for her alleged misconduct stemming from her role as the presiding judicial officer in the Hamilton County Common Pleas Court case (No. B0500613) that resulted in plaintiff's challenged detention and incarceration in Ohio. *See Hurst v. Ohio Gen. Assembly,* No. 2:14cv2594, 2015 WL 401250, at *4 (S.D. Ohio Jan. 28, 2015) (Kemp, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2014 WL 1291152 (S.D. Ohio Mar. 20, 2015) (Sargus, J.). Similarly, any claim by plaintiff against Deters his individual capacity for his role in the prosecution of the Hamilton County case is barred because "prosecutors have immunity for acts taken in their capacity as prosecutors."[6] *See id.* (and cases cited therein). *Cf. Henry, supra*, 2013 WL 9839229, at *3 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 340-43 (2009), *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and *Mireles v. Waco*, 502 U.S. 9, 9-13 (1991) (per curiam),

---

[6] Although plaintiff has alleged in the "Statement of Facts" that DeWine entered a contractual agreement with him on or about May 25, 2014, *after* plaintiff was detained and the three-year prison sentence was imposed by Judge Cooper in Case No. B0500613, the complaint is devoid of any factual allegations that would suggest DeWine was directly involved in the criminal prosecution or the imposition of the three-year prison sentence that resulted in plaintiff's current confinement in Ohio. Because personal involvement in the alleged unconstitutional activity is required to establish liability under § 1983, Claim XIV does not state a claim against DeWine in his individual capacity. *Cf. Hurst, supra*, 2015 WL 401250, at *4 (dismissing Ohio Attorney General DeWine at screening stage in the absence of factual allegations that DeWine was involved "in the facts giving rise to the complaint").

as support for holding that "[b]oth the [Hamilton County] prosecuting attorney and [Hamilton County] Judge . . . should . . . be dismissed because they are absolutely immune from liability in this § 1983 action").

In any event, plaintiff's allegations fail to state a claim for damages relief under § 1983 because a ruling in plaintiff's favor on Claim XIV would necessarily cast doubt on the validity of plaintiff's conviction in Hamilton County Common Pleas Court Case No. B0500613 or the three-year prison sentence that was imposed in that case on March 5, 2014 by Judge Cooper.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok,* 520 U.S. 641, 643 (1997).[7]

In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.  *Heck*, 512 U.S. at 486-87.  Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *see also Edwards*,

---

7 It is noted that because plaintiff's conviction and sentence have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a § 1983 claim of malicious prosecution.  As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."  *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

520 U.S. at 643. The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 42 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Sexton v. Lee*, No. 1:14cv98, 2014 WL 1267001, at *1, *5 (S.D. Ohio Mar. 26, 2014) (Black, J.; Bowman, M.J.) (citing *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein)).

Here, it is clear from the face of the complaint, as well as the docket record in plaintiff's pending federal habeas action, that plaintiff's conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*.[8] Therefore, Claim XIV fails to state a claim upon which relief may be granted by this Court. *Cf. Henry, supra*, 2013 WL 9839229, at *6 (involving screening dismissal of § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence).

## B. Diversity Jurisdiction Claims: Claims I, II, IV, V, VI, VII, VIII, IX and XI

In Claims I, II, IV, V, VI, VII, VIII, IX and XI, plaintiff presents various state-law claims pertaining to Hamilton County Court of Common Pleas Case No. B0500613. Generally, in cases such as this, where all federal question claims are subject to dismissal at the screening stage, pendent state-law claims may be dismissed as well for lack of subject matter jurisdiction. *See Burgess v. Fischer*, 735 F.3d 462, 471 n.1 (6th Cir. 2013) (and cases cited therein); *Choate's Air Conditioning & Heating, Inc. v. Light, Gas & Water Div. of Memphis*, 16 F. App'x 323, 332 (6th Cir. 2001); *Staggs v. Ausdenmoore*, No. 92-3172, 1993 WL 131942, at *5 (6th Cir. Apr. 27, 1993); *see also Prater v. Livingston Avenue Child Care, LLC*, No. 2:14cv490, 2015 WL

---

[8] Plaintiff has alleged in the "Statement of Facts" portion of the complaint that the Ohio Attorney General entered a "contractual agreement" on behalf of the State of Ohio with plaintiff essentially agreeing with arguments raised by plaintiff in defending against charges made in Hamilton County Common Pleas Court Case No. B0500613. (*See* Doc. 1, at PAGEID#: 6-7). However, the alleged agreement does not fall within any of the enumerated categories listed in *Heck* for allowing the § 1983 damages action to proceed.

1439322, at *8 (S.D. Ohio Mar. 27, 2015) (citing *Aschinger v. Columbus Showcase Co.*, 934

F.2d 1402, 1418 (6th Cir. 1991)). Plaintiff asserts, however, that this Court has diversity

jurisdiction to consider the claims. He avers that he is not a citizen of the State of Ohio and

suggests that he is instead a citizen of Japan. (*See* Doc. 1, at PAGEID#: 2). Courts have held

that "[p]risoners presumptively retain their prior citizenship" while imprisoned. *See Mala v.

Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3rd Cir. 2013); *see also Stifel v. Hopkins*, 477 F.2d

1116, 1126-27 (6th Cir. 1973); *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010) (citing *Stifel* and

other cases); *Pierro v. Kugel*, 386 F. App'x 308, 309-10 (3rd Cir. 2010) (citing *Stifel* and Tenth,

Seventh, Second and Eighth Circuit cases). Given plaintiff's allegations, which must be

accepted as true at this juncture in the proceedings, the Court is not in a position to assess

plaintiff's citizenship. *Cf. Muchler v. Greenwald*, __ F. App'x __, No. 15-1619, 2015 WL

4902821, at *3 n.3 (3rd Cir. Aug. 18, 2015) (noting that the "Magistrate Judge's reliance on the

parties' residency" in finding lack of diversity jurisdiction "was improper" because "the

Magistrate Judge was not in a position to assess [the plaintiff's] citizenship, given the lack of any

allegations in the complaint regarding the plaintiff's citizenship prior to his incarceration").

Therefore, the undersigned assumes in plaintiff's favor that the Court has diversity jurisdiction to

consider plaintiff's pendent state-law claims. However, the claims asserted in Claims I, II, IV,

V, VI, VII, VIII, IX and XI are subject to dismissal for failure to state a claim upon which relief

may be granted by this Court.

  First, to the extent that plaintiff has alleged claims essentially challenging actions taken

by the judge, prosecutor and other state officials in Case No. B0500613, this Court lacks subject

matter jurisdiction to consider those claims. Under the *Rooker-Feldman* doctrine established by

the Supreme Court in two cases, federal district courts are prevented "from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)) (quoting *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004)). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 870 (6th Cir. 2011) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine serves as a jurisdictional bar to review even in cases "where diversity jurisdiction otherwise exists." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)); *see also Thyne v. GMAC Mortg. Corp.*, No. 3:09cv377, 2010 WL 3075185, at *3 (S.D. Ohio Aug. 4, 2010) ("diversity jurisdiction does not defeat the bar of *Rooker-Feldman*"); *Cunningham v. Bank of New York Mellon N.A.*, No. 14-CV-7040 (JS)(ARL), 2015 WL 4104839, at *2 (E.D.N.Y. July 8, 2015) (same), *appeal filed*, No. 15-2651 (2nd Cir. Aug. 19, 2015). Therefore, this Court lacks jurisdiction over any claim by plaintiff, which would require a finding that bond issues and the violation charge in Case No. B0500613 were wrongly decided against plaintiff by the Hamilton County Common Pleas Court prior to the filing of this action. *Cf. Carter v. Burns,* 524 F.3d 796, 798-99 (6th Cir. 2008) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claim because the alleged injury was "an injury from . . . prior state-court determinations"); *Howard v. Whitbeck*, 382 F.3d 633, 641 (6th Cir. 2004) (holding that the *Rooker-Feldman* doctrine applied to bar review of a claim

that would undermine an existing state-court judgment regarding waiver of fee payments); *Rowls v. Weaver*, 24 F. App'x 453, 455-56 (6th Cir. 2001) (holding that dismissal of a complaint was proper under the *Rooker-Feldman* doctrine where the plaintiff raised claims that were "inextricably intertwined" with a criminal case previously litigated and decided in state court).

To the extent that plaintiff has alleged claims that are not barred by the *Rooker-Feldman* doctrine, the claims are subject to dismissal because, under Ohio law, the defendants named in Claims I, II, IV, V, VI, VII, VIII, IX and XI (Judge Cooper, Sheriff Neil, Hamilton County Prosecutor Deters, Ohio Attorney General DeWine, the State of Ohio and Hamilton County) are all immune from liability. Specifically, pursuant to Ohio Rev. Code § 2743.02(A)(3)(a), the State of Ohio and Ohio Attorney General as an elected state officer, *see* Ohio Rev. Code § 2743.01(A), are "immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty, *including the performance or nonperformance of a public duty that is owed by the state in relation to any action of an individual who is committed to the custody of the state*."[9] (Emphasis added).

As a "political subdivision," Hamilton County is also entitled to immunity under Ohio Rev. Code § 2744.02(A)(1) for "any act or omission . . . in connection with a governmental or propriety function," as well as under Ohio Rev. Code § 2744.03(A) for "any act or omission . . . in the performance of a judicial, quasi-judicial, [or] prosecutorial function." Plaintiff has not alleged specific facts against the county and apparently seeks to hold the political subdivision liable based on its role in the operation of the county court system, which is a governmental function for which the county is immune from liability in a civil action. *Cf. Henderson v.*

---

9 Although an exception to state immunity exists "under circumstances in which a special relationship can be established between the state and an injured party," *see* Ohio Rev. Code § 2743.02(A)(3)(b), plaintiff's allegations are insufficient to satisfy the statutory "elements" of that exception.

*Synenberg*, No. 100910, 2014 WL 4656662, at *3-4 (Ohio Ct. App. Sept. 18, 2014) (dismissing complaint against the county where no specific allegations were made against the county and the plaintiff's broad allegations referencing the county's "operation of a court system and jail . . . related to governmental functions for which the county is immune from damages in a civil action"), *appeal dismissed*, 28 N.E.3d 122 (Ohio 2015).

Furthermore, to the extent plaintiff seeks to hold defendants Neil, DeWine, Cooper and Deters liable for various actions taken in their roles as judge, prosecutor and "other participants in the judicial process" in Case No. B0500613, the individual defendants are shielded from liability for their alleged misconduct. *See Tuleta v. Med Mut. of Ohio*, No. 100032, 2014 WL 1327790, at *3-4 (Ohio Ct. App. Mar. 13, 2014) (dismissing complaint against county prosecutors on the ground that they, as well as judicial officers, were absolutely immune from suit under "common law" and Ohio Rev. Code § 2744.03A)(7));[10] *see also Henderson v. State*, No. 101862, 2015 WL 2168359, at *3 (Ohio Ct. App. May 7, 2015) (dismissing complaint against prosecutors because they were "absolutely immune" from liability based on claims arising out of the plaintiff's criminal prosecution); *Henderson v. Synenberg*, *supra*, 2014 WL 4656662, at *2-3, *4 (citing *Borkowski v. Abood*, 884 N.E.2d 7 (Ohio 2008)) (dismissing claims against judge for actions taken in her official capacity as a judge presiding over the plaintiff's criminal case; also dismissing claim against state probation officer who was "protected under the umbrella of absolute immunity for actions taken within the scope of her employment" in the implementation of a house arrest order). *Cf. Lisboa v. Lisboa*, No. 95673, 2011 WL 319956, at

---

10 Ohio Rev. Code § 2744.03A)(7) provides that a "[p]olitical subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code."

*3 (Ohio Ct. App. Jan. 27, 2011) (quoting) (in holding that the plaintiff's claims of misconduct that "took place during, or as a part of judicial proceedings" was "subject to a defense of absolute immunity," the court quoted the following statement by the Ohio Supreme Court in *Willitzer v. McCloud*, 453 N.E.2d 693, 695 (Ohio 1983): "It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings.").

Finally, to the extent that plaintiff may argue that the immunity defense does not extend to the claim of "civil conspiracy" alleged in Claim IX against defendants Cooper, Deters and Neil (*see* Doc. 1, at PAGEID#: 18), plaintiff's allegations are insufficient to establish the requisite elements of a "civil conspiracy" claim under Ohio law because they fail to show (1) "a malicious combination" or (2) "the existence of an unlawful act independent from the conspiracy itself." *See Ogle v. Hocking Cnty.*, No. 11CA31, 2013 WL 658254, at *3 (Ohio Ct. App. Jan. 31, 2013) (and cases cited therein); *see also Boyd v. Archdiocese of Cincinnati*, No. 25950, 2015 WL 1600303, at *14-15 (Ohio Ct. App. Apr. 10, 2015) (and cases cited therein) (upholding dismissal of civil conspiracy claims); *Dixon v. Huntington Nat'l Bank*, No. 100572, 2014 WL 4656798, at *4 (Ohio Ct. App. Sept. 18, 2014) (and cases cited therein) (same), *appeal dismissed*, 29 N.E.3d 1448 (Ohio 2015).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis.* *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LASHAWN R. PETTUS-BROWN,                    Case No. 1:15-cv-539
     Plaintiff,

                                    Black, J.
     vs.                                    Bowman, M.J.

ETHNA M. COOPER, et al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc