UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LASHAWN R. PETTUS-BROWN, | : | Case No. 1:15-cv-539 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| ETHNA M. COOPER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY:**
**(1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DOC. 11);**
**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO OBJECT TO THE REPORT AND RECOMMENDATION (DOC. 25);**
**(3) DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT (DOC. 1);**
**AND (4) TERMINATING THIS CASE IN THIS COURT**

This civil action is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on September 1, 2015, submitted a Report and Recommendation (Doc. 11), to which Plaintiff objected (Doc.

32).[1] Defendant Michael R. Merz filed a timely response to Plaintiff's objections (Doc. 33),[2] as did Defendant Ethna M. Cooper (Doc. 40).[3]

Plaintiff maintains that the Magistrate Judge erred in recommending dismissal pursuant to 28 U.S.C. § 1915 (entitled "Proceedings in forma pauperis") because he did not seek authorization to commence this civil action without prepayment of fees.[4] *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The plaintiff in *Benson*, however, was not a prisoner. In contrast, Mr. Pettus-Brown is incarcerated at Pickaway Correctional Institution, having been convicted of, and sentenced for, violations of criminal law. His status as "prisoner" invokes 28 U.S.C. § 1915A, which requires screening *irrespective* of whether the filing fee was paid.

---

[1] Plaintiff was notified that any objections were to be filed within fourteen days after service (Doc. 11 at 28 (PAGEID #: 84)). The Clerk served Plaintiff by regular mail the same day that the Report and Recommendation was docketed. Thus, his time to file objections was extended by three days, specifically from September 15, 2015 to September 18, 2015. *See* Fed. R. Civ. P. 6(d). Plaintiff, an incarcerated litigant proceeding *pro se*, filed a motion for an extension of time to file his objections (until October 12, 2015) by placing it in the institutional mailing system on September 10, 2015 (*see* Doc. 25). Under the "mailbox" rule, his motion was deemed filed on September 10, 2015, even though it was not received and docketed by the Clerk until September 14, 2015. *See Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Before the Court ruled on his motion for an extension, Plaintiff filed his objections on September 21, 2015, which, in turn, were docketed by the Clerk upon receipt on September 23, 2015 (*see* Doc. 32).

[2] Magistrate Judge Merz asserts, *inter alia*, that Plaintiff's objections should be stricken as untimely (Doc. 33 at 1-2). The Court declines to do so. As detailed in note 1, Plaintiff filed his motion for an extension of time prior to the deadline for filing objections, and this Court likely would have granted the motion had Plaintiff not rendered it moot with the filing of his objections.

[3] Subsequent to the filing by Magistrate Judge Merz, but before the filing of behalf of Judge Cooper, Plaintiff filed a "Notice" with the Clerk to inform the Court that the September 1, 2015 Report and Recommendation was ripe for review (Doc. 37). However, the Court observes that this matter did not become ripe until October 9, 2015, the day *after* the fourteen day period (enlarged by three days owing to service by regular mail), during which time period an opposing party was entitled to respond to Plaintiff's objections (*see* Doc. 11 at 28 (PAGEID #: 84)).

[4] To the contrary, Plaintiff paid the filing fee in its entirety (*see* Doc. 1, Attachment 3 (PAGEID #: 28)).

> [A]ll complaints filed by prisoners against state officials, whether or not they are proceeding in forma pauperis, are subject to sua sponte dismissal for failure to state a claim. *See* 28 U.S.C. § 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Plaintiffs cite to *Benson* as authority for the proposition that dismissal pursuant to § 1915(e) is inappropriate where the plaintiff is not proceeding in forma pauperis, but failed to note that ***Benson* also holds that prisoners who are not proceeding in forma pauperis may have their actions dismissed sua sponte under § 1915A.**

*Lacoss v. Engler*, No. 00-1258, 2000 WL 1679482, at *1 (6th Cir. Nov. 1, 2000) (emphasis added). Moreover, the *timing* of the review is flexible.[5]

> Contrary to [Plaintiff's] contention, this case is not covered by our recent decisions in *Benson* and *Apple* [*v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000)]. In *Benson*, the court ruled that a district court could not sua sponte dismiss a fee-paid complaint under § 1915(e)(2) because this section only applies to complaints filed in forma pauperis. *Benson*, 179 F.3d at 1016. In *Apple*, the court reiterated its holding in *Benson*, but ruled that dismissal of a fee[-]paid complaint will be upheld if the plaintiff's allegations are so attenuated as to divest the court of jurisdiction. *Apple*, 183 F.3d at 479. In neither of these cases did this court address the propriety of dismissing a fee-paid case pursuant to § 1915A, the statute the district court relied on to dismiss this case. Under § 1915A, a court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, officer, or employee, **before docketing if feasible**[6], if the court concludes that the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. Because the district court in this case specifically relied on §1915A, it did not run afoul of this court's rulings in *Benson* and *Apple*, and instead acted pursuant to express statutory authority under § 1915A.

*Hyland v. Clinton*, No. 00-1268, 2001 WL 128340, at *1 (6th Cir. Feb. 7, 2001) (emphasis added). Finally, Plaintiff cites no case law for the proposition that Section 1915A is inapplicable when a prisoner files an action against governmental employees in their *individual* (as opposed to their official) capacities.

---

[5] The Court notes that the Magistrate Judge submitted her Report and Recommendation just two weeks after the docketing of Plaintiff's Complaint on August 18, 2015.

[6] The terms of the statute mandate screening "before docketing, if feasible or, in any event, as soon as practicable after docketing[.]" 28 U.S.C. § 1915A(a).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has studied the comprehensive and detailed findings of the Magistrate Judge and examined *de novo* all of the filings in this case. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation, submitted in compliance with the mandate of 28 U.S.C. § 1915A, should be and is hereby adopted.

Accordingly:

1. The Report and Recommendation (Doc. 11) is **ADOPTED**;

2. Plaintiff's motion for an extension of time to file any objections to the Magistrate Judge's Report and Recommendation (Doc. 25) is **DENIED AS MOOT**;

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A;

4. The Court **CERTIFIES** that any appeal of this Decision and Entry by Mr. Pettus-Brown would not be taken in good faith for the reasons stated in the Report and Recommendation. Therefore, any application by him to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(a)(3) is **DENIED**.

5. The Clerk shall enter Judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: October 14, 2015                          *s/ Timothy S. Black*
                                                                 Timothy S. Black
                                                                 United States District Judge